UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEMAEL CHRISHON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:10-CV-1489 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the court on the motion of Gemael Chrishon to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition.

### I. Background

On February 2, 2009, Chrishon pled guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. At sentencing, the court determined that Chrishon's total offense level was 27 and his criminal history category was IV. Under the advisory sentencing guidelines, the range of imprisonment was 100-125 months. On May 14, 2009, Chrishon was sentenced to a 115-month term of imprisonment. Chrishon appealed the judgment, but his appeal was dismissed on motion of the government.

### II. Discussion

In the motion to vacate Chrishon asserts the following grounds for relief: (1) violation of due process during the change of plea and sentencing proceedings; (2) misapplication of criminal history points and; (3) ineffective assistance of counsel. The relevant facts will be set forth in the discussion of each ground.

## A. Ground One

In support of his first ground for relief, Chrishon initially asserts that Rule 11 of the Federal Rules of Criminal Procedure is unconstitutional. His reasoning is that the rule derives from federal statutes, not from the United States Constitution, and there is nothing in the Constitution that authorizes "the presentment of, acquiescence to, and adjudication of a criminal defendant by way os a plea agreement and not require that defendant to go to trial, before a jury, as required by Article III § 2, cl. 3 [U.S. Const.]" *Memo. in Supp.*, p. 15 (Doc. # 1). Of course, a procedural rule is not *per se* unconstitutional because it is promulgated pursuant to a statute. However, the gist of Chrishon's argument appears to be that Rule 11 is unconstitutional because it covers plea agreements and waivers of constitutional rights, neither of which are addressed in the Constitution. This argument is without merit. While the Constitution confers many rights upon a criminal defendant, including the right to a jury trial and the right to be free from self-incrimination, it does not prohibit the waiver of those rights. Further, plea bargaining has been upheld as constitutional, even though it involves the waiver of "important constitutional rights." Town of Newton v. Rumery, 480 U.S. 386, 393 (1987), *citing* Brady v. United States, 397 U.S. 742, 752-53 (1970) and Santobello v. New York, 404 U.S. 257, 264 (1971)(Douglas, J., concurring).

Next, Chrishon asserts that, even if Rule 11 is constitutional, he is nevertheless entitled to relief because his guilty plea was not made knowingly and voluntarily. Specifically, Chrishon alleges that he was not informed of him that he would forfeit his rights to call and confront witnesses, his right to trial, and his right against self-incrimination. The record of the change of plea hearing and the plea agreement Chrishon signed belie these allegations. United States v. Gemael Chrishon, No. 4:08-

CR-471 (CEJ) (E.D.Mo.), *Transcript of Change of Plea Hearing*, pp. 7-9 (Doc. # 152); *Plea Agreement, Guidelines Recommendations and Stipulations*, pp. 15-16 (Doc. # 93). He further complains that he was not informed that a guilty plea would prevent him from possessing a firearm and would subject him to searches by prison officials. The failure to advise a defendant of the collateral consequences of his plea will not vitiate the knowing nature or the voluntariness of a guilty plea. Delgado v. United States, 1997 WL 33135309 (D. N.D. 1997) (lack of knowledge of collateral consequences of guilty plea does not affect voluntariness of plea). *See also* Padilla v. Kentucky, 130 S.Ct. 1473, 1488 (2010)(Alito, J., concurring)("criminal convictions can carry a wide variety of consequences . . .including civil commitment, civil forfeiture, the loss of the right to vote, disqualification from public benefits, ineligibility to possess firearms, dishonorable discharge from the Armed Forces, and loss of business or professional licenses . . . but this Court has never held that a criminal defense attorney's Sixth Amendment duties extend to providing advice about such matters.")

Finally, Chrishon's assertion that his guilty plea did not have a factual basis is squarely contradicted by the record. Chrishon admitted in the written plea agreement and under oath at the change of plea hearing that he and several other individuals "agreed and came to an understanding to distribute cocaine in the St. Louis, Missouri area," and in furtherance of that agreement, Chrishon transported more than 3.5 but less than 5 kilograms of cocaine from Kansas City to St. Louis. [cite plea agreement doc. #  & transcript doc. # 152, pp 16-19] Chrishon further admitted that he voluntarily participated in the conspiracy. Id.   Chrishon's admissions were sufficient to establish a factual basis for his guilty plea.

Chrishon is not entitled to relief on his first claim.

- 3 -

### B. Ground Two and Ground Three

Chrishon's second claim is that the court erred in its application of the sentencing guidelines in determining his criminal history category. His third claim is his attorney's failure to object to the application of those guidelines as set forth in the presentence report (PSR) constituted ineffective assistance of counsel. Because these two claims are related, they will be discussed together.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty, but instead would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Davis, 583 F.3d 1081, 1091 (8th Cir. 2009); United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009). The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

The PSR revealed that Chrishon had three misdemeanor convictions for driving while license suspended. For one of the convictions, he was assessed two criminal history points, pursuant to U.S.S.G. § 4A1.1(b); he was assess one criminal history point for each of the two other convictions, pursuant to U.S.S.G. § 4A1.(c). In addition, Chrishon was assessed two criminal history points, pursuant to U.S.S.G. §

4A1.1(d), for committing the instant offense while on probation. Chrishon asserts that the application of these guidelines was error and his attorney's failure to object was ineffective assistance.

The facts set forth in the PSR clearly established the propriety of assessing the criminal history points for these offenses. Moreover, Chrishon offers no additional or contrary facts that his attorney could have presented to dispute the information in the PSR. The objections Chrishon contends his attorney should have made would have been fruitless. Thus, Chrishon has not established that his attorney's performance was deficient or that he suffered prejudiced.

### III. Conclusion

For the foregoing reasons, the court concludes that motion and the files and records of this case show that Chrishon is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Chrishon has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order denying the motion will be separately filed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2013.